# United States Court of Appeals for the Fifth Circuit

---

No. 24-60204
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE HUMBERTO GANDARA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-CR-99-1

---

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Jose Humberto Gandara challenges his jury-trial conviction and below-Guidelines 240-months' sentence (statutory maximum) for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). He contends the district court erred:  regarding his conspiracy conviction, by admitting evidence of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

co-conspirator Eduardo Benavides' stop at the border; and, regarding his sentence, in calculating the total drug weight attributable to Gandara, and by imposing a four-level enhancement under Sentencing Guideline § 3B1.1(a) (quoted *infra*).  Each issue fails for the following reasons.

Concerning the admission of evidence related to Benavides' border stop, Gandara contends it was not relevant under Federal Rule of Evidence 401, and was substantially more prejudicial than probative under Rule 403. The challenged evidentiary ruling is reviewed for an abuse of discretion, subject to harmless-error analysis.  *United States v. Rider*, 94 F.4th 445, 456 (5th Cir. 2024).  Our court gives such determinations an "especially high level of deference".  *Id.* (citation omitted).

Benavides was driving a 2012 Volkswagen Jetta when he was stopped at the border in March 2015.  Although Gandara was not present at the stop, he had purchased the vehicle with cash two months earlier; and he and Benavides were listed as co-purchasers in the initial version of the purchase agreement.  Notably, that vehicle was the same make and model as the vehicle Gandara was driving when he was stopped in Mississippi in June 2016.  Both vehicles had hidden compartments under the center console to conceal contraband.

Taken together, these circumstances provide evidence of Benavides' and Gandara's collaboration in trafficking cocaine.  *See United States v. Diaz*, 90 F.4th 335, 343 (5th Cir. 2024) (noting that conspiracy can be supported by a "collocation of circumstances" and the Government "may present circumstantial evidence, such as the co-conspirator's concerted actions, from which the jury can infer that a conspiracy existed") (citation omitted). Further, given the similarities between the stops, the border-stop evidence showed how the conspiracy operated, and was therefore intrinsic evidence. *E.g.*, *United States v. Watkins*, 591 F.3d 780, 784–85 (5th Cir. 2009) (evidence

of previous drug-runs relevant to conspiracy's structure and operation; *i.e.*, admissible intrinsic evidence). Rule 403 "should generally not be used to exclude intrinsic evidence, because intrinsic evidence is by its very nature prejudicial". *United States v. Sudeen*, 434 F.3d 384, 389 (5th Cir. 2005) (emphasis omitted). Accordingly, the court did not abuse its discretion by allowing evidence of the challenged border stop in 2015. *See Rider*, 94 F.4th at 456.

Turning to Gandara's two challenges to his sentence, and although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court's calculation of the quantity of drugs involved in an offense and its application of the leadership-role enhancement under Guideline § 3B1.1(a), are both factual findings, reviewed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (drug quantity); *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001) (application of § 3B1.1(a)). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Regarding drug quantity, Gandara contends it was not foreseeable that Benavides would have been transporting more than 12 kilograms of cocaine

because there was no evidence that Gandara ever discussed the subject of cocaine with Benavides.  In rejecting that contention, the court noted that Gandara's purchase of the 2012 Volkswagen Jetta for Benavides in January 2015 was temporally close to when Benavides was stopped at the border transporting cocaine in that same vehicle in March 2015.  The court also relied on the fact that the make and model of that vehicle was identical to the one Gandara used when stopped in Mississippi, and that both vehicles had hidden compartments in the center console for concealing contraband.  Moreover, the court pointed out that the quantity of cocaine seized from Benavides was in line with the other seizures that took place.  Accordingly, the court did not err by concluding that Benavides' transportation of the cocaine was a reasonably foreseeable act in furtherance of the drug conspiracy.  *E.g.*, *Burton v. United States*, 237 F.3d 490, 500–01 (5th Cir. 2000).

Additionally, Gandara challenges the remaining drug quantities attributed to him, maintaining that the evidence linking him to those quantities was provided by convicted felons who were seeking to reduce their sentences.  His conclusory assertion that a felon seeking a sentence reduction is not credible is an insufficient basis for overruling the district court.  *See id.* at 500.  To the contrary, the court had the opportunity to observe the convicted felons when they testified at trial and found them to be credible.  This court defers to that credibility determination.  *See United States v. Kearby*, 943 F.3d 969, 975 (5th Cir. 2019).

Gandara further contends the court did not make the requisite findings to hold him accountable for those drug quantities.  Contrary to his assertions, the court *did* make such findings, either explicitly or implicitly by adopting the factual findings in the presentence investigation report (PSR).  *See United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994).  The court's findings were supported by trial testimony and the PSR's summary of law-

enforcement agency interviews of Gandara's associates. Because Gandara has not shown the information contained in the PSR was materially untrue, the court did not err in relying on that information. *E.g.*, *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010) ("[b]ecause a PSR generally bears sufficient indicia of reliability", district court may rely on PSR where defendant fails to provide rebuttal evidence). Accordingly, the drug-quantity calculation was not implausible in the light of the record as a whole. *See Kearby*, 943 F.3d at 974. There was no clear error.

For the challenge to the enhancement, the Guidelines provide for a four-level adjustment to defendant's base offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive". U.S.S.G. § 3B1.1(a). Given Gandara's role in handling the shipments, pricing, and quantities of cocaine for a multi-state drug-distribution scheme, the application of the § 3B1.1(a) enhancement was not clearly erroneous. *See Cooper*, 274 F.3d at 247.

AFFIRMED.